## HENDRIX v. HARMAN.

1. In cases at law tried by a judge with the aid of a referee, the facts found on Circuit must be accepted by this court as true.
2. Personal property delivered and pledged for the payment of a debt is subject to the lien thereby imposed until the debt is paid, and the pawner cannot maintain action for its recovery while this lien exists.

---

Before WITHERSPOON, J., Lexington, June, 1882.

This was an action by Enoch Hendrix against M. D. Harman for the recovery of a watch, commenced February 9th, 1876. The defendant denied that he had plaintiff's watch, but said he did hold a watch, which plaintiff claimed, for the benefit and as the property of defendant's son, to whom it had been given by Reuben Harman, the grandfather, prior to his death. The referee's finding was, " that R. Harman claimed and owned

the watch, and before his death gave it to Charlie, an infant son of this defendant." The Circuit judge says the watch was delivered by Hendrix to R. Harman, " as a pawn to secure the amount, * * * to be paid in sixty days, with interest at the rate of one and one-half per cent. a month, and if not then paid the watch was to become the property of Reuben Harman." Other facts are stated in the opinion.

*Messrs. Boozer & Graham*, for appellant.

*Mr. H. A. Meetze*, contra.

July 3d, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The complaint in this case alleges that the defendant had become possessed of, and wrongfully detained from the plaintiff, appellant, a gold watch of the value of $125, and plaintiff demands judgment for the recovery of the watch, and damages to the amount of $200 for its detention. The case was referred to a referee to take the testimony, and report his conclusions of law and fact. After a final report by the referee the case came to a hearing before Judge Witherspoon, who, on August 15th, 1882, pronounced judgment, dismissing the complaint with costs. From this judgment this appeal has been taken upon several grounds, which will be considered below as far as may be necessary.

The facts of the case, as found by the Circuit judge and the referee, are as follows: " 1. That on December 15th, 1872, one Reuben Harman, since deceased, paid for the plaintiff, at his instance and request, $45.25, and plaintiff consented to the transfer of the watch in question to Harman, to be held by him to secure the payment of said sum and interest from December 15th, 1872; that said sum and interest still remains due and owing by plaintiff. 2. That Reuben Harman died intestate during the summer of 1874, and held the watch at the time of his death, subject to the payments by plaintiff of the indebtedness aforesaid; that there is no legal representative of Reuben Harman, deceased."

The conclusions of law were: " 1. That Reuben Harman at

the time of his death held the watch in controversy under a lien, with plaintiff's knowledge and consent, to secure the payment of $45.25, with interest from December 15th, 1872; that said lien still exists and that plaintiff is not entitled to recover the possession of said watch in this action." Upon this finding he ordered and adjudged that plaintiff's complaint be dismissed with costs.

The plaintiff has appealed upon fourteen exceptions, the greater number of which assign error to the findings of fact by the Circuit judge. As to these, without considering them *seriatim*, it is only necessary to say that this case is a case at law, although tried by a judge with the aid of a referee; and being a case at law, the facts are beyond our jurisdiction. It is only in chancery cases that we can take cognizance of the facts, and it is only in such cases that the rule referred to by appellant's counsel applies. In cases at law our jurisdiction is confined to errors of law applicable to the facts as found by the jury or the judge, as the case may be. The facts thus found we must take as absolute verity. This is a provision of the constitution itself and is controlling.

Assuming the facts, then, as found by the Circuit judge to be true, was there error in his holding as matter of law that the lien of Reuben Harman, imposed by the plaintiff, still existed, and that plaintiff was not entitled to recover possession in this action? We see no error in this. Assuredly, if the watch was placed in the possession of Harman, as a pledge or pawn, as found by the judge, to secure the payment of plaintiff's indebtedness to Harman, this created a lien in favor of Harman, and if, by contract, this state of things was to continue until Harman was refunded the amount advanced by him for the plaintiff, the lien, as matter of law, would continue to exist also.

This being so, it would follow, also, as matter of law, that so long as the lien existed plaintiff had no cause of action entitling him to recover the possession. He had parted with the watch with the express understanding and condition that he was not to retake it until he paid the amount due. Harman. This was not illegal, nor is there any allegation that he was seduced into this agreement, or that any fraudulent device was practiced upon

him in any way. It was a plain voluntary contract entered into and executed by him upon a sufficient consideration, and we can see no reason whatever why he should be released from it without complying with the terms agreed upon.

We do not find that the Circuit judge ruled that plaintiff could not recover upon payment of the amount for which the watch was pledged. The plaintiff seems to have contended that he had paid Harman. This was, however, a question of fact, and the judge found the other way, and there being no tender or offer of payment during the trial, the judge made no ruling as to the rights of the parties in that event. The exception involving a question as to such facts is, therefore, inapplicable.

Nor do we see that the Circuit judge allowed any counterclaim of the defendant; on the contrary, the complaint was simply dismissed because the plaintiff failed to make out his case.

Neither is there anything found in the argument as to the exception involving the admission of incompetent testimony. We suppose, therefore, that this exception was abandoned, but whether this be so or not, there was no sufficient reason to have the testimony of the two Harmans ruled out on the ground of irrelevancy or upon any other ground, so far as we have been able to discover.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.